[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 123.]

CINCINNATI BAR ASSOCIATION *v.* HARWOOD.

[Cite as *Cincinnati Bar Assn. v. Harwood*, 1999-Ohio-303.]

*Attorneys at law—Misconduct—Two-year suspension with second year stayed and two years of probation—Failing to represent six clients adequately.*

(No. 99-372—Submitted June 8, 1999—Decided October 13, 1999.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-106.

_____

{¶ 1} On December 24, 1997, relator, Cincinnati Bar Association, filed a second amended complaint charging respondent, David J. Harwood of Cincinnati, Ohio, Attorney Registration No. 0014177, with violating several Disciplinary Rules in connection with his failure to represent six clients adequately. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that James P. Povlock retained respondent in 1995 to file a quiet-title action against Povlock's former fiancée with respect to certain real estate. Although respondent repeatedly told Povlock that the suit was proceeding, in fact, respondent had not filed it. In the meantime, the former fiancée filed a suit against Povlock, who again engaged respondent to represent him. Respondent failed to file an answer in that suit, and the fiancée obtained a default judgment against Povlock.

{¶ 3} In 1994, Mr. and Mrs. David Emmons retained respondent to negotiate with a builder with respect to construction defects in their residence. After negotiations were unsuccessful, the Emmonses instructed respondent to file suit against the builder. Respondent did not file the suit but led the Emmonses to believe that he had done so. When the Emmonses finally confronted respondent

with that fact, respondent filed the suit. The Emmonses dismissed respondent and retained other counsel.

{¶ 4} In late 1995, Gary and Karen Carter employed respondent to represent them in a dispute with the purchasers of real estate they had sold. When the purchasers sued the Carters, respondent filed an answer on their behalf. However, respondent failed to respond to interrogatories and document requests. After respondent did not appear for the scheduled trial, the trial court entered a default judgment in the amount of $11,000 against the Carters, together with a $1,000 sanction for failure to respond to discovery. With the help of new counsel, the Carters settled the case for $9,680 and respondent paid the Carters $2,200.

{¶ 5} In 1990, respondent represented Mr. and Mrs. John Payne with respect to defects in a home they had purchased. Respondent falsely claimed that he had delivered a demand letter to the sellers and had filed a lawsuit against them. The Paynes later discovered respondent's failure and hired new counsel.

{¶ 6} Also in 1991, David Seuberling retained respondent to defend him and his company in a lawsuit. Respondent failed to file an answer or motion to the complaint or the amended complaint, and the court entered a default judgment against Seuberling for approximately $25,000. When the plaintiff commenced execution proceedings on the judgment, respondent told Seuberling he would file a "60(B) motion." Respondent failed to file the motion.

{¶ 7} Again in 1991, respondent filed an answer and counterclaim on behalf of his clients, Maurice and Daniel Green. However, respondent then failed to respond to discovery requests, or to the plaintiff's motion for sanctions. As a result, the plaintiff obtained a default judgment against the Greens and moved for the appointment of a receiver to preserve the Greens' assets. Eventually, with the help of successor counsel, the Greens settled the case.

{¶ 8} The panel concluded that with respect to all six matters, respondent violated DR 6-101(A)(3) (neglect of an entrusted legal matter), and 7-101(A)(2)

(failure to carry out contract of employment to provide legal services). With respect to the Povlock and Emmons matters, the panel concluded that respondent also violated DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5) (conduct prejudicial to the administration of justice), and 1-102(A)(6) (conduct adversely reflecting on a lawyer's fitness to practice law). The panel also found that respondent violated DR 1-102(A)(5) and 1-102(A)(6) in his representation of Carter, Seuberling, and Green.

{¶ 9} In mitigation the panel found that respondent was a respected member of the Cincinnati Bar Association, and of the Ohio State and American Bar Associations, serving on their real estate committees; that he was a frequent lecturer on real estate matters; and that he was active in community matters. Several witnesses attested to respondent's honesty and legal competence. The panel found that at the time of his professional misconduct, the respondent suffered from major depressive disorder due to personal problems involving his parents' illnesses, his wife's parents' illnesses, and his being hit by an automobile. His treating psychiatrist testified that with continuing treatment and medication respondent should be able to carry on the practice of law in a competent manner. Respondent indicated that he recognized the nature of his psychological problem, his misconduct, and his need for continued treatment. The respondent also testified that complete restitution had been made to the clients he injured.

{¶ 10} The panel recommended that respondent be suspended from the practice of law for two years, with the second year stayed and two years of probation substituted for the second year. The panel also recommended that to resume practice during and after the probationary period, respondent demonstrate that he remains under the care of his treating psychiatrist, who will have made and will continue to make reports to a monitoring attorney appointed by relator.

{¶ 11} The board adopted the findings, conclusions, and recommendation of the panel but added a recommendation that respondent have co-counsel in any

litigation matter during his probation.

_____

*Maury M. Tepper,* for relator.

*John H. Phillips,* for respondent.

_____

**Per Curiam.**

{¶ 12} We adopt the findings and conclusions of the board. Respondent's conduct resulted in harm to his clients, including three default judgments that could affect future credit ratings. However, we also recognize that respondent has acknowledged his problem and that he regrets his failure to live up to his duties as a member of the bar.

{¶ 13} We therefore agree with the board that respondent should be and he hereby is suspended from the practice of law for two years. We stay the second year and substitute two years of probation. As a condition of respondent's resuming the practice of law during and after the probationary period, we require evidence that respondent was and is remaining under the care of his treating psychiatrist who will have made and will continue to make reports to a monitoring attorney appointed by relator.

{¶ 14} We do not agree with the board's recommendation that respondent be required to employ co-counsel whenever he becomes involved in litigation. However, because the record indicates that respondent's current problems are the result of confrontational situations, we recommend that respondent limit his practice as much as possible to transactional matters and avoid litigation.

{¶ 15} Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in judgment only.

January Term, 1999

---